UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TINA SEALS,

                        Plaintiff,

               -against-

RIAL MCCLURKIN,

                        Defendant.

26-CV-1801 (LTS)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Because of her repetitive frivolous filings, Plaintiff is barred from proceeding *in forma pauperis* ("IFP") in any new action in this court unless she first obtains from the court permission to file. *See Seals v. McClurkin*, ECF 1:14-CV-6080, 7 (S.D.N.Y. Oct. 1, 2014). Plaintiff, who is proceeding *pro se*, brings this new action seeking to proceed IFP.

Plaintiff moves for leave from the court to proceed with this complaint, in which she asserts claims for criminal conduct against a private individual.[1] In her motion for leave to file, Plaintiff states, without more, that she "feels that she possesses ground and standing in the matter. And that this is the court of original jurisdiction." (ECF 5.) Plaintiff's motion for leave to file does not show that this action is a departure from her prior pattern of non-meritorious litigation. The Court therefore denies leave to proceed IFP in this action and dismisses the action without prejudice based on the October 1, 2014 bar order in *Seals*, ECF 1:14-CV-6080, 7.[2]

**CONCLUSION**

The Court dismisses this action without prejudice because Plaintiff is barred from

---

[1] The action in which the bar order issued was against Donald McClurkin, *McClurkin*, ECF 1:14-CV-6080, and it is unclear what relationship, if any, there is between him and the defendant in this action, Rial McClurkin.

[2] Nothing in this order prevents Plaintiff from bringing a new action with prepayment of the filing fees.

proceeding IFP, *Seals*, ECF 1:14-CV-6080, 7, and the motion for leave to file (ECF 5) is denied

because Plaintiff does not show that this action is a departure from her pattern of litigation.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:    March 5, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge